**MORRIS v. HUSSMAN et al.**

**No. 7003.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 5, 1933.

Rehearing Denied Sept. 16, 1933.

Harold J. Abraham and Jesse A. Mueller, both of San Francisco, Cal., for appellant.

Alfred Sutro, Eugene M. Prince, and John A. Sutro, all of San Francisco, Cal. (Pillsbury, Madison & Sutro, of San Francisco, Cal., of counsel), for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

**WILBUR, Circuit Judge.**

This action was brought by the appellees to recover upon the contract of guaranty of the appellant. On November 1, 1930, the appellees leased certain real property belonging to them, situated in the city and county of San Francisco, for the purpose of the construction and operation of a miniature golf course on said premises. Chester A. Morris, the lessee, entered into a contract with Barrett & Hilp for the construction of such miniature golf course on said premises belonging to the appellees, and agreed to pay therefor upon a cost plus a fixed fee ($500) basis. The appellant indorsed on said building contract a guaranty as follows: "I hereby guarantee the payment of any balance that may be due Barrett & Hilp and agree to pay the same within 70 days after completion of said golf course."

The lessee, Chester A. Morris, paid $1,250 on account of said contract and no more. The appellant, guarantor, failed to pay the balance due upon the building contract, whereupon the contractors filed a claim of lien in the office of the county recorder and assigned the claim of lien to the Credit Clearance Bureau which in due time brought an action to foreclose the mechanics' lien. Before the mechanics' lien foreclosure suit had proceeded to judgment, the appellees, in order to protect their property from the mechanics' lien, paid the amount due upon the building contract to the Credit Clearance Bureau, and received from the Credit Clearance Bureau an assignment of its claim against the appellant and the lessee. The Credit Clearance Bureau at the same time delivered to the appellees the building contract with appellant's guaranty indorsed thereon, and with an assignment purporting to be from Barrett & Hilp to appellees also indorsed thereon. This latter assignment had been signed by Barrett & Hilp with the name of the assignee and the date blank. The Credit Clearance Bureau, which was then the owner by assignment of the claim of Barrett & Hilp against the appellant, consented to the insertion in said assignment of the names of the appellees as assignees with the date April 13, 1931, which was the date of assignment of the Credit Clearance Bureau to appellees of its claim against appellant and Chester A. Morris and Clarence W. Morris.

In view of the stipulation that the Credit Clearance Bureau assigned its claims against the appellant and Chester A. Morris to appellees, there is no merit in appellant's contention that the appellees' claim is based upon an assignment by Barrett & Hilp after they had parted with title to the claim.

■ The appellant claims that he was exonerated as a surety by the release of the mechanics' lien upon the appellees' property. This lien was not given to the contractor by the appellant's principal, but was a lien given by law to protect the contractor and his employees. If the appellant had paid the contractor as he agreed to do, no lien would have attached to the real estate of the appellees, and there would have been no right of lien to which appellant could claim to be subrogated.

■ The appellees, as owners of the land, were compelled to perform an obligation which the lessee had agreed to perform, and were entitled by reason of such performance to be subrogated to the rights of the contractor against the lessee and the lessee's guarantor without any formal assignment. The written assignments merely confirm this obligation.

The appellant's third point is substantially a restatement of his second point. It is thus stated: "The surety [guarantor] in this case is exonerated by the surrender without his knowledge or consent."

The answer to this proposition is that the appellant had no interest in the lien created by law for the benefit of Barrett & Hilp and no right of subrogation thereto. Consequently, the lack of knowledge or consent of the guarantor to the assignment or surrender of the lien is without significance.

Appellant's fourth point is that appellees have been guilty of laches. Under this head appellant makes two or more distinct and separate claims. One claim is that "the surety in this case should not be penalized because the assured, without the knowledge of appellant, surrenders the security to appellees." This is a repetition of points 2 and 3.

■ The other proposition advanced is: "Appellees should have given notice of non-responsibility in accordance with section 1192, Code of Civil Procedure." Appellant does not point out in what manner he would have been benefited by the filing of such a notice. The only effect of it would have been to exonerate the appellees' real estate from the contractor's statutory lien and leave the appellant with his obligation to pay the contractor.

Judgment affirmed.